SHIELDS *v.* NEW YORK CENT. & H. R. R. CO.

*(Supreme Court, General Term, Second Department.  July 2, 1891.)*

LIABILITY OF MASTER—ACTION FOR INJURIES—CONTRIBUTORY NEGLIGENCE.

Deceased had charge of the movement of all of defendant's freight-cars in its yards at Poughkeepsie.  On the day of his injury he directed a yard-engine to move a car of coal which was standing under a chute.  After the engine was coupled to the car, deceased got on the car, and it moved off, and he was seen no more until found under a mass of coal, which had escaped through the trap at the bottom of the car.  The chain which held the trap up had been broken and mended with wire two weeks before, and the bottom of the car had been repaired by putting boards into it to prevent the coal from falling through the trap, which could not be entirely closed.  Deceased was aware of the defective condition of the car.  *Held*, that the question whether deceased was guilty of contributory negligence in the use of the car was properly submitted to the jury, and that their verdict for plaintiff would not be disturbed.

Appeal from circuit court, Dutchess county.

Action by Peter Shields, executor of James Murphy, deceased, against the New York Central & Hudson River Railroad Company.  From a judgment for plaintiff, defendant appeals.

Argued before DYKMAN and PRATT, JJ.

*Frank Loomis,* (*Robert F. Wilkinson,* of counsel,) for appellant.  *Hackett & Williams,* for respondent.

DYKMAN, J.  This is an appeal from a judgment in favor of the plaintiff entered upon a verdict obtained at the circuit, and from an order denying a motion for a new trial on the minutes of the court.  The testator of the plaintiff was in the employment of the defendant at Poughkeepsie, and on the 19th day of January, 1889, he received an injury while in the discharge of his duty, and he died about two months thereafter.  This action was brought under the statute, upon the allegation that his death resulted from the negligence of the defendant.  The general duty of the deceased was to move and switch the cars around the station at Poughkeepsie, and to place them where they were required; and it was customary there to keep two coal-cars standing upon a side track under the coal-chute to receive the coal dropped onto the track, and those cars were moved from the east to the west side of the main tracks as occasion required, and when they were filled they were switched upon the coal-chute and emptied.  The deceased had full charge of all the coal-cars.  He was especially in charge of the movement of the coal-cars and picking up the coal.  The engineer was under his orders, and any one else who assisted him to move the cars.  On the day of the accident two coal-cars about two-thirds full of coal were standing on the east side track, and the deceased signaled the engineer to couple the engine to the cars, which was done; and then the deceased got up on the rear end of the rear car by the brake, and the engine started north with the two cars, to switch them back upon the west side track; and that was the last seen of the deceased previous to the accident.  No one saw how it happened, but the deceased fell to the track, and was found there under the coal, in an injured condition.  The car upon which the deceased stood when he was seen last had been in use at that place for several weeks.  There was a trap in the bottom, which fell or was let down to empty the car, and was raised again by a chain, attached to the trap, and wound up on a cross-bar.  The chain was fastened to the bolt which runs through the cross-bar, and to the bottom of the car.  When the bottom drops down, as it does when they unload the coal, the chain goes down with it, and lets the coal out.  When they want to close this bottom, they wind up this bar with a large wrench, and that turns the chain around the cross-bar, and that closes the bottom of the car.  The link that holds the trap was broken.  There are two of these, and the link was broken about three links from the corner of the trap of the car.  It was broken two or three weeks before the

accident. When the deceased was found under the coal the trap of the car was hanging down, and the chain which was designed to hold it in its place was broken. The chain had been broken, and mended with wire, two weeks before; and three days before, the bottom of the car was repaired by putting boards into it to prevent the coal from falling through the trap, which was partly opened, and could not be closed in the usual manner by winding up the chain on the cross-bar. It appeared that the deceased had knowledge of the condition of the car, and saw the boards placed in the bottom. At the trial and upon the argument before us the theory and contention of the defendant was that the uncontradicted proof left no question for the jury, either respecting the negligence of the defendant or the contributory negligence of the deceased; but we find ourselves unable to coincide with this view. While the proof is harmonious, as far as it proceeds, it yet leaves much room for legitimate inference, and from the facts established diverse conclusions might well be reached by different minds. The deceased was in the discharge of his duties. The car he was using was defective, and he knew it; but did he have reason to believe it would endure the use to which it was subjected, or was it careless for him to use it? The question was pre-eminently proper for the determination of the jury, and was not so plain as to justify its decision as a matter of law. The deceased was found under the coal, with the trap down, and the chain broken. How did he come there? Did he go through the bottom of the car with the subsidence of the coal caused by the breaking of the chain and the falling of the trap, and thus become involved and covered with the coal? The question is one of fact, and not of law, to be answered by the jury, and not by the court. We think the case was properly sent to the jury, and that there was proof sufficient to sustain the verdict. The judgment and order denying the motion for a new trial should therefore be affirmed, with costs.